Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiffs Angelique Cargin and Phillip Cargin,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angelique Cargin and Phillip Cargin,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>Jefferson Capital Systems, LLC, and Angie Hong Hoar<br><br>                                    Defendant. | Case No.  **'19CV940  GPC BGS**<br><br>Complaint for Violations of the Fair Debt Collection Practices Act, the Fair Debt Buying Practices Act and the Rosenthal Act |

## I.    Introduction

1.    Plaintiffs Angelique and Phillip Cargin, ("Plaintiffs"), through their counsel, bring this action to challenge the acts of Defendant Jefferson Capital Systems, LLC ("Jefferson") and Defendant Angie Hong Hoar ("Ms. Hoar")(collectively "Defendants"), regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the acts of Jefferson alone regarding the California Fair Debt Buying Practices Act ("FDBPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act").

Complaint

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiffs allege on their personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

5. This action arises out of violations by Defendants of the FDCPA under 15 U.S.C. §1692, *et seq.*, and by Defendant Jefferson of the Rosenthal Act under Cal. Civ. Code §1788, *et seq* and the FDBPA under Cal. Civ. Code §1788.50, *et seq*

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

7. As both Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, and Defendant Hoar resides in California, the Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. §1391 as one or more defendants reside and do business in the Southern District.

## III. Parties

9. Plaintiffs are natural persons residing in California, and are consumers within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that they are natural persons purportedly obligated to pay a consumer debt, allegedly owed to Jefferson (hereinafter "Debt"), and "debtors" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act, and incorporated into the FDBPA under California Civil Code § 1788.50(c).

/ / /

Complaint

-2-

*Jefferson*

10. At all relevant times, Plaintiff is informed and believes that Defendant Jefferson is and was a Georgia limited liability company ("LLC") engaged in the business of purchasing and collecting charged-off consumer debts and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

11. Jefferson's principal purpose is to collect money on the debts it purchases, and as such Jefferson is a "debt collector" under 15 U.S.C. §1692a.

12. Defendant Jefferson, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

*Ms. Hoar*

13. Ms. Hoar is an individual, residing and doing business in the County of San Diego, who regularly, and on behalf of herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

14. Ms. Hoar is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**IV.  Facts Common to all Claims for Relief**

15. On October 15, 2018, Jefferson filed a complaint ("State Court Complaint"), in the Superior Court of California for the County of San Bernardino against Plaintiffs, in the matter of *Jefferson Capital Systems, LLC v. Angelique Cargin and Phillip Cargin*, case number CIVDS1827025 ("State Court Action").

/ / /

Complaint

16. Plaintiffs were served with a copy of the State Court Complaint.

*False Claim that Jefferson was the only entity to purchase the debt*

17. In the State Court Complaint, Jefferson claimed that "Drivetime" was the original creditor for the loan or account at issue, and was also the charge-off creditor.[1]

18. Jefferson further claimed that Drivetime assigned the loan or account at issue, and that Jefferson was "the assignee of the Account" and "the sole owner of this debt."[2]

19. Jefferson then identified only a single entity, themselves, as the entity who purchased the account at issue after charge-off.[3]

20. This representation, both express and implicit, that Jefferson purchased or was otherwise assigned the account at issue by "Drivetime" was false.

21. Jefferson attached documents to the State Court Complaint identifying a "Bridgecrest Acceptance Corporation" and a number of other entities, none of them "Drivetime," as the entity or entities who purportedly assigned the account at issue to Jefferson.

22. It is unclear who Bridgecrest Acceptance Corporation or these other entities are, which of these entities, if any, actually is, assigned the account at issue to Jefferson, or where and how Bridgecrest Acceptance Corporation or any of these other entities acquired title to the account at issue, if in fact they did acquire title.

23. What is clear is that there is at least one entity besides Jefferson and Drivetime, the alleged charge-off creditor, in the chain of title, and Jefferson's claim to be the sole post charge-off assignee in the chain of title is false.

/ / /

/ / /

/ / /

---

[1] State Court Complaint, ¶¶6 and 10
[2] State Court Complaint, ¶7
[3] State Court Complaint, ¶12

Complaint

-4-

*Failure to provide statutorily mandated disclosures*

24. Defendant Jefferson is a debt buyer and as such is subject to California's Fair Debt Buying Practices Act, found at California Civil Code §1788.50(a) *et seq*.

25. The State Court Complaint fails to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer, as required by California Civil Code §1788.58(a)(8).

**V.    Allegations Specific to Certain Claims for Relief**

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

26. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the paragraphs above.

27. Defendants Jefferson and Ms. Hoar violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

   b. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt; and

   c. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt.

28. Plaintiffs are entitled to actual damages sustained as a result of Defendant Jefferson's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

/ / /

/ / /

/ / /

/ / /

Complaint

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by Defendant Jefferson)**

29. Plaintiffs repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

30. Based on information and belief, Jefferson's acts and omissions violated California Civil Code § 1788, *et seq*.

31. Jefferson violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

    a. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt; and

    c. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt.

32. Jefferson's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiffs to statutory damages pursuant to Civil Code § 1788.30(b).

33. As a proximate result of the violations of the Rosenthal Act committed by Jefferson, Plaintiffs are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## THIRD CLAIM FOR RELIEF

**(Violations of the FDBPA by Defendant Jefferson)**

34. Plaintiffs repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

/ / /

/ / /

Complaint

35. Jefferson's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Jefferson's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

    a. Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer.

36. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Plaintiffs are entitled to their actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

Plaintiffs pray that judgment be entered against all named Defendants, and pray for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Jefferson and Ms. Hoar and for the Plaintiffs;

2. An award of statutory damages of $1,000.00 for each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Jefferson and Ms. Hoar and for the Plaintiffs;

3. An award of costs of litigation and reasonable attorney's fees against Jefferson and Ms. Hoar and for the Plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(3);

*Rosenthal Act*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Jefferson and for Plaintiffs;

5. An award of statutory damages of $1,000.00 for each Plaintiff pursuant to California Civil Code § 1788.30(b) against Jefferson and for Plaintiffs;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Jefferson;

/ / /

Complaint

*FDBPA*

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Jefferson and for Plaintiffs;

8. An award of statutory damages of $1,000.00 for each Plaintiff pursuant to California Civil Code § 1788.62(a)(1) against Jefferson and for Plaintiffs;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Jefferson and for Plaintiffs; and

10. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiffs demand a trial by jury.

Dated: May 20, 2019                     /s/ Stephen G. Recordon
                                        STEPHEN G RECORDON
                                        Attorney for Plaintiff

Complaint